UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEDRIC EUGENE JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>BRIAN CATES, et al.,<br><br>        Defendants. | No.  1:23-cv-00361 GSA (PC)<br><br>ORDER RELATING CASES<br><br>Local Rule 123(a)(1)-(2)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN JOHNSON v. CATES, No. 1:23-CV-00361 GSA TO DISTRICT JUDGE CURRENTLY PRESIDING OVER JOHNSON v. CATES, No. 1:23-cv-00437 KES GSA<br><br>Local Rule 123(c) |
| SEDRIC EUGENE JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>BRIAN CATES, et al.,<br><br>        Defendants. | No.  1:23-cv-00437 KES GSA (PC)<br><br>ORDER RELATING CASES<br><br>Local Rule 123(a)(1)-(2)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN JOHNSON v. CATES, No. 1:23-CV-00361 GSA TO DISTRICT JUDGE CURRENTLY PRESIDING OVER JOHNSON v. CATES, No. 1:23-cv-00437 KES GSA<br><br>Local Rule 123(c) |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed the above two referenced Civil Rights action seeking relief under 42 U.S.C. § 1983.  ("Cates I" and "Cates II,"

1

respectively). The matters were referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, the Court will relate these two cases pursuant to Local Rule 123(a)(1)-(2). In addition, the Clerk of Court will be directed to assign Cates I to the same district judge who is currently presiding over Cates II.

I. RELEVANT FACTS

A review of the complaints filed in the two above-referenced matters indicates that they are identical in substantive content. Compare Cates I, ECF No. 1 at 1-15, with Cates II, ECF No. 1 at 1-15 (complaints in each matter). In addition, the Court notes that the matters were both constructively filed by Plaintiff[1] on the same day. See Cates I, ECF No. 1 at 15 (March 1, 2023, signature date); see also Cates II, ECF No. 1 at 15 (March 1, 2023, signature date).

II. DISCUSSION

Cases are related when they involve the same parties and are based on the same or a similar claim or when both actions involve the same property, transaction, or event. Local Rule 123(a)(1)-(2). A plaintiff generally has no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants. See Adams v. California Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007) (citation omitted), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008). Furthermore, when a judge with the lower number in a case determines that the assignment of related matters is likely to effect a savings of judicial effort, he is authorized to enter an order reassigning all higher numbered related actions to himself or herself. Local Rule 123(c).

In this case, both Cates I and Cates II, have already been assigned to this Court. However, although Cates II has been assigned to a district judge, Cates I has not. Therefore, given that the two matters are duplicates and that findings and recommendations are currently pending before

---

[1] The signing date of a pleading is the earliest possible filing date pursuant to the mailbox rule. See Roberts v. Marshall, 627 F.3d 768, 769 n.1 (9th Cir. 2010) (stating constructive filing date for prisoner giving pleading to prison authorities is date pleading is signed); Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003), overruled on other grounds by Pace v. DiGuglielmo, 544 U.S. 408 (2005).

the district judge who is assigned to Cates II, (see Cates II, ECF No. 11)[2] (findings and recommendations), in the interests of judicial economy, the Court will direct the Clerk of Court to also assign Cates I to the same district judge who has already been assigned to Cates II.

Accordingly, IT IS HEREBY ORDERED that:

1. Johnson v. Cates, No. 1:23-cv-00361 GSA and Johnson v. Cates, 1:23-cv-00437 KES GSA are RELATED, see Local Rule 123(a)(1)-(2), and

2. In light of the fact that these matters are related, the Clerk of Court shall ASSIGN Johnson v. Cates, No. 1:23-cv-00361 GSA to the same district judge who currently presides over Johnson v. Cates, No. 1:23-cv-00437 KES GSA.  See Local Rule 123(c).

IT IS SO ORDERED.

Dated:  **June 3, 2024**              /s/ Gary S. Austin
                                       UNITED STATES MAGISTRATE JUDGE

---

[2] The findings and recommendations in Cates II recommend that the case be dismissed as duplicative of Cates I.  See Cates II, ECF No. 11.